# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WELLS FARGO BANK, N.A. § | |
| § | Civil Action No. 4:16-CV-360 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| KENDALL L. PARKER, MONICA D. § | |
| PARKER § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 21, 2017, the report of the Magistrate Judge (Dkt. #34) was entered containing proposed findings of fact and recommendations that Defendants Kendall L. and Monica D. Parker's Consumers Demand for Dismissal with Prejudice (Dkt. #21), Motion to Dismiss and Ratify Consumers Orders Declarations and Decrees (Dkt. #32), and second Motion to Dismiss and Ratify Consumers Orders Declarations and Decrees (Dkt. #33) (collectively, the "Motions to Dismiss") be denied. Having received the report of the Magistrate Judge (Dkt. #34), having considered Defendant's timely filed objections (Dkts. #35-36), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #34) as the findings and conclusions of the Court.

## BACKGROUND

Plaintiff Wells Fargo Bank, N.A. filed the instant suit on May 27, 2016, seeking foreclosure of the real property located within the boundaries of the Eastern District of Texas, at 4405 Rancho Del Norte Trail, McKinney, Collin County, Texas (Dkt. #1). The Complaint

alleges Plaintiff is a national banking association with its principal place of business located in California, Defendants are Texas residents, and the value of the real property exceeds $75,000.00. Plaintiffs assert that Defendants executed a Note and a Deed of Trust to buy the property in 2004, pursuant to which Defendants were required to make timely payments on the principal amount of the loan. Plaintiff contends that Defendants have defaulted on their obligations under the Note by failing to make timely payments, and despite having received notice of their default, Defendants have not brought the Note current and remain in default. As such, Plaintiff seeks to judicially foreclose on the real property. Defendants have not yet filed an answer to Plaintiff's Complaint, instead filing the instant three Motions to Dismiss, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims and/or personal jurisdiction over Defendants, that venue is improper, that process and service of process were insufficient, that Plaintiff failed to join indispensable parties, and lastly that the Complaint fails to state a claim.

The Magistrate Judge entered a report and recommendation on April 21, 2017, recommending that each of Defendants Kendall L. and Monica D. Parker's Consumers Demand for Dismissal with Prejudice (Dkt. #21), Motion to Dismiss and Ratify Consumers Orders Declarations and Decrees (Dkt. #32), and second Motion to Dismiss and Ratify Consumers Orders Declarations and Decrees (Dkt. #33) be denied. On May 8, 2017, Defendants filed their Objections (Dkt. #35) to the report and recommendation, and also a "Notice of Dispute" (Dkt. #36), which the Court construes as additional objections to the report and recommendation.

## DEFENDANTS' OBJECTION

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations

to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). However, "[p]arties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

Defendants' objections assert that the Magistrate Judge erred by identifying Defendants as citizens of Texas. Specifically, Defendants, by and through their objections, continue to allege that the Court lacks personal jurisdiction over them and subject matter jurisdiction over this suit (and thus has no jurisdiction to deny their Motions to Dismiss) because Defendants "are non-resident aliens in relation to any county and/or state[; and, as such] are aliens to the jurisdiction of this court" and/or because "[t]he United States District Court has absolutely NO jurisdiction over natural persons dwelling in the continental United States (i.e., the Consumers) or their consumer transactions" (Dkt. #35 at 1). Defendants' objections, in this regard, are frivolous. There is no constitutional or other support, whatsoever, for the allegations stated by Defendants in an attempt to escape the jurisdiction of the Court and/or their payment obligations under the loan. Indeed, Defendants' arguments are akin to those asserted by persons alleging "sovereign citizenry." The Fourteenth Amendment to the Constitution expressly provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the States wherein they reside." U.S. Const. amend. XIV, § 1. Claims that individuals are not citizens of the United States and/or the state in which they reside, but rather solely citizens of a sovereign state, have been uniformly rejected by federal courts.

*See, e.g., Sochia v. Federal-Republic's Cent. Gov't*, No. SA-06-1006-XR, 2006 WL 3372509, *5 (W.D. Tex. Nov. 20, 2006) (noting that sovereign citizen arguments "have been consistently and universally rejected by every federal court that has considered them"). Here too, Defendants' "consumer" claims must be rejected. Defendants reside in the State of Texas; no showing has been made to the contrary and Defendants' home (the issue of foreclosure in the instant suit) is located at 4405 Rancho Del Norte Trail, McKinney, Texas 75070. Any allegation that Defendants are "aliens" and/or not resident in any county of this state and are not subject to the jurisdiction of the Court by virtue of their status as consumers is wholly without merit.

Moreover, to the extent Defendants continue to argue the Court is not the proper venue, because it "is not in the judicial district or similar legal entity in which the Consumer's personal dwelling and homestead is located, or in which the Consumers signed the alleged contract sued upon," Defendants' objections are misplaced. Venue is proper in this case under 28 U.S.C. § 1391(b)(2); it cannot be disputed that the property at issue is located in Collin County, which is within the Eastern District of Texas.

Notwithstanding, the Court has undertaken a de novo review of the report and recommendation and concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass,* 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). The Magistrate Judge clearly outlined the basis for the Court's subject matter jurisdiction in the instant case, concluding diversity jurisdiction existed over Plaintiff's civil foreclosure action. The Magistrate Judge similarly examined the basis for the Court's personal jurisdiction and venue in the Eastern District of Texas, correctly concluding that any arguments as to personal jurisdiction and venue have been waived and/or are substantively

incorrect. The Magistrate Judge further specifically found that Plaintiff's Complaint stated a claim for judicial foreclosure and that Defendants do not have a unilateral right to terminate Plaintiff's claims. The Court agrees with this assessment. Accordingly, the Court finds Defendants' objection is overruled.

## CONCLUSION

Having considered Defendants' timely filed objection (Dkts. #35-36), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #34) as the findings and conclusions of the Court.

Accordingly, it is, **ORDERED** that Defendants Kendall L. and Monica D. Parker's Consumers Demand for Dismissal with Prejudice (Dkt. #21), Motion to Dismiss and Ratify Consumers Orders Declarations and Decrees (Dkt. #32), and second Motion to Dismiss and Ratify Consumers Orders Declarations and Decrees (Dkt. #33) are each **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 12th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE